IN RE the MARRIAGE OF: Susan Winifred KJELSTRUP,
Petitioner-Appellant,

v.

Rod Richard KJELSTRUP, Respondent-Respondent.

Court of Appeals

*No. 93–0486. Submitted on briefs January 6, 1994.—Decided
January 27, 1994.*

(Also reported in 512 N.W.2d 264.)

For the petitioner-appellant the cause was submitted on the briefs of *Rebecca A. Erhardt* of *Boardman, Suhr, Curry & Field* of Madison.

For the respondent-respondent the cause was submitted on the briefs of *Simon M. Karter* of *Wendel & Center* of Madison.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J.   Susan Kjelstrup appeals from an order reducing the amount of child support to be paid by her former husband, Rod Kjelstrup. Because the trial court erroneously calculated a figure crucial to its decision—the disposable income available to each party after payment of the support—we reverse and remand for further proceedings.

The parties were divorced in 1986. Susan Kjelstrup was granted physical custody of the couple's two minor children and Rod Kjelstrup was ordered to pay child support of $547.50 per month. In July 1992 Susan Kjelstrup moved the court to increase support. A hearing was held before a court commissioner, who applied the child support percentage of income standards and ordered support increased to $788 per month, which was equal to twenty-five percent of Rod Kjelstrup's current gross earnings.

Rod Kjelstrup petitioned for a *de novo* hearing in circuit court and, because the trial court apparently felt that there was no dispute as to the underlying facts, no evidence was taken at the hearing. Instead,

the court summarized the undisputed facts of the case and heard oral argument from the parties.

The court entered a written decision and order determining that there had been a substantial change in the parties' circumstances "because of the increase in incomes, remarriage of [Rod Kjelstrup], increased cost of living for all parties and the changes in net equity of the parties since 1986." The court ordered that support be set at $650 per month.

In so ruling, the court declined to apply the percentage standard, concluding that to do so "would be unfair considering [the parties'] respective earning abilities, the needs of the parties, the expenses of commuting for [Rod Kjelstrup], and the fact that [Susan Kjelstrup]'s income has increased $1,374 while [Rod Kjelstrup]'s income has only increased $962 per month gross."

■

Under § 767.32(2) and (2m), STATS., trial courts are directed to modify child support payments according to the percentage standards established by the Department of Health and Social Services and may only depart from those standards "if, after considering the factors listed in s. 767.25(1m) . . . the court finds, by the greater weight of the credible evidence, that the use of the percentage standard is unfair to the child or to any of the parties."[1] The trial court made such a finding in

---

[1] The factors listed in § 767.25(1m), STATS., include the child's resources and those of the parents, maintenance payments, needs of others whom the parents may be legally obligated to support, extraordinary travel expenses incurred in exercising the right to periods of physical placement, the child's best interests and educational needs, tax consequences, the earning capacity of each parent and "[a]ny other factors which the court in each case determines are relevant."

this case. As we have indicated, however, we believe it miscalculated one of the figures underlying that determination.

In arriving at its decision, the trial court considered that, on a monthly basis, there would be a "$1,462 discrepancy" between the parties' available incomes after payment of the $788 in child support ordered by the court commissioner:

> If you look only at the incomes of [Susan Kjelstrup] and [Rod Kjelstrup] and apply the $788 figure, [Susan Kjelstrup] would have $1,462 ($2,880 - $1,418) more than [Rod Kjelstrup] to support herself and the two children while [Rod Kjelstrup] would have $1,418 to pay his expenses. Even acknowledging that [Rod Kjelstrup] has somewhat reduced housing costs due to the ability of [his second wife] to contribute to those costs, the $1,462 discrepancy does not appear to be fair.

The percentage support standards are implemented through WIS. ADM. CODE ch. HSS 80. The preface to the chapter provides as follows:

> The [percentage of income] standard is based on the principle that a child's standard of living should, to the degree possible, not be adversely affected because his or her parents are not living together. [The standard] determines the percentage of a parent's income and potential income from assets that parents should contribute toward the support of children if the family does not remain together. The standard determines the minimum amount *each parent is expected to contribute* to the support of their children. *It expects that the custodial parent shares his or her income directly with the[ ] children.* (Emphasis added.)

The problem with the trial court's calculation is that it does not take into account that the percentage-standard award set by the court commissioner—which the trial court, as indicated, found to be unfairly high in light of the parties' available postsupport income—is presumed to include and recognize that Susan Kjelstrup, the custodial parent, also contributes twenty-five percent of her own gross income to the children's support. The failure to consider Susan Kjelstrup's assumed contribution skewed the figures used by the trial court in arriving at its decision that application of the guidelines was unfair.

In light of the preface to WIS. ADM. CODE ch. HSS 80, quoted above, we must reverse and remand the cause to the trial court for redetermination of the issue.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.